IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OURLINK, LLC | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-08-CV-0745-BD |
| CARY GOLDBERG, ET AL. | § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff OurLink, LLC has filed a motion to confirm a $5.45 million arbitration award entered against Defendants Cary Goldberg, individually, and Jerry Goldberg, individually and as Trustee of the Goldberg Family Trust. In separate motions, both defendants ask the court to vacate or modify the award. For the reasons stated herein, plaintiff's motion to confirm the arbitration award against Cary Goldberg is granted. An evidentiary hearing is necessary to determine whether the award against Jerry Goldberg should be confirmed, vacated, or modified.

I.

In early 2005, OneLink Corporation ("OneLink"), a publicly held California company, approached a group of Texas investors to obtain funds necessary to purchase Reservation Center, Inc., ("RCI"), a California corporation owned by defendants. (*See* Plf. Sec. Am. Compl. at 2, ¶¶ 6-7). During negotiations for the sale of RCI, defendants allegedly provided OneLink with certain financial information demonstrating the profitability of the company. (*Id.* at 3, ¶ 10). Relying on this financial information, the Texas investors formed OurLink, LLC ("OurLink"), the plaintiff herein, and invested $4 million to enable OneLink to acquire RCI. (*Id.* at 4, ¶ 11). The $4 million

investment was in the form of a convertible promissory note executed by OneLink and secured by a pledge of RCI stock. (*Id.* at 4, ¶ 12). After acquiring RCI, OneLink defaulted on the promissory note and went out of business. (*Id.* at 4, ¶ 14). Plaintiff subsequently learned that the financial information furnished by defendants "contained numerous errors, inaccuracies and misleading information regarding the earnings of RCI." (*Id.* at 4, ¶ 15). As a result of these inaccuracies, plaintiff, who foreclosed on the pledged stock and acquired RCI at a public sale for a credit bid of approximately $1 million, alleges that it lost more than $3 million on its investment. (*See id.* at 4, ¶ 14 & *id.* at 6, ¶ 19).

On May 1, 2008, plaintiff sued defendants for fraud in Texas federal court. While that case was pending, counsel agreed to submit the dispute, along with all claims brought by Cary Goldberg against plaintiff in another lawsuit pending in California state court, to binding arbitration. (*See* Plf. Mot., Exh. B). Following a four-day proceeding, the arbitrator issued a final award in favor of plaintiff and against defendants, jointly and severally, for $3,535,785.26 in actual damages and prejudgment interest, $1,800,000.00 in punitive damages, and $120,730.25 in attorney's fees. (*See* Plf. Mot., Exh. C). No damages were awarded to defendants. (*Id.*). Plaintiff now moves to confirm the arbitration award, while defendants seek to vacate or modify the award. The issues have been fully briefed by the parties, and this matter is ripe for determination.

II.

The Federal Arbitration Act ("FAA") requires a district court, upon the application of a party to an arbitration, to confirm the arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. *See also Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, No. 4-02-CV-497-Y, 2003 WL 22056220 *2 (N.D. Tex. Sept. 3, 2003) (confirmation can be denied only if the award has been corrected, vacated, or modified

in accordance with the FAA). Section 10(a) of the FAA authorizes a court to vacate an arbitration award only:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Section 11 of the FAA allows a court to modify or correct an arbitration award only:

> (1) where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;
>
> (2) where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted; or
>
> (3) where the award is imperfect in matter of form not affecting the merits of the controversy.

*Id.* § 11. *See also Citigroup Global Markets, Inc. v. Bacon*, 562 F.3d 349, 353, 358 (5th Cir. 2009) (grounds for vacating or modifying arbitration award are restricted to those set forth in the FAA). "The court is to give deference to the arbitrator's decision and review of an arbitration award is 'extraordinarily narrow.'" *McVay v. Halliburton Energy Services, Inc.*, 688 F.Supp.2d 556, 560 (N.D. Tex. 2010), *quoting Glover v. IBP, Inc.*, 334 F.3d 471, 473-74 (5th Cir. 2003).

A.

Cary Goldberg moves to vacate the arbitration award on two grounds: (1) the award was procured by "undue means;" and (2) the arbitrator exceeded his powers by awarding punitive damages and attorney's fees. (*See* C. Goldberg Mot. at 3-4). Both grounds implicate section 10(a) of the FAA, and neither have any merit.

1.

"Undue means" refers to "behavior that is immoral if not illegal[,] or otherwise in bad faith." *See S&B Engineers and Constructors, Ltd. v. Alstom Power, Inc.*, No. 3-04-CV-150-L, 2006 WL 2820085 at *3 (N.D. Tex. Oct. 2, 2006), *quoting In re Arbitration between Trans Chem. Ltd. and China Nat'l Machinery Import & Export Corp.*, 978 F.Supp. 266, 304 (S.D. Tex. 1997). A party seeking to set aside an arbitration award on this ground must prove "undue means" by clear and convincing evidence. *Id.* Here, Cary fails to adduce any evidence, much less prove by clear and convincing evidence, of any immoral or illegal behavior by the arbitrator. Instead, the sole basis for this argument is that the arbitrator improperly admitted evidence that Cary previously committed bank fraud against City National Bank, an unrelated third party, thereby violating his right to due process. (*See* C. Goldberg Mot. at 3). Not surprisingly, no authority is cited for the proposition that the improper admission of evidence constitutes grounds for vacating an arbitration award. To the contrary, "[a]rbitration proceedings are not constrained by formal rules of procedure or evidence." *Mantle v. Upper Deck Co.*, 956 F.Supp. 719, 730 (N.D. Tex. 1997). Nor is there any indication that the admission of this evidence, even if improper under the federal rules,[1] "so affect[ed] the rights of [defendant] that it may be said that he was deprived of a fair hearing." *Sungard Energy Systems Inc.*

---

[1] Rule 404(b) provides, in pertinent part, that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." FED. R. EVID. 404(b).

*v. Gas Transmission Northwest Corp.*, 551 F.Supp.2d 608, 616 (S.D. Tex. 2008), *quoting Forsythe International, S.A. v. Gibbs Oil Co. of Texas*, 915 F.2d 1017, 1023 (5th Cir. 1990).

2.

Similarly, there is no evidence that the arbitrator exceeded his powers by awarding punitive damages and attorney's fees. With respect to punitive damages, the Supreme Court has held that arbitrators presumptively enjoy the power to award such damages unless the arbitration contract unequivocally excludes punitive damage claims. *See Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 60, 115 S.Ct. 1212, 1217, 131 L.Ed.2d 76 (1995). Nothing in the written stipulation filed with the court, whereby the parties agreed to submit their dispute to binding arbitration, prohibits an award of punitive damages.

By contrast, the scheduling order entered by the arbitrator, which was approved by the parties as part of their stipulation, does authorize the recovery of attorney's fees. (*See* Plf. Reply Br., Exh. B at 5). The scheduling order provides that:

> the attorney's fees issues will be presented through post-hearing submissions, and will typically be decided by the Arbitrator solely on the basis of the papers and other supporting materials filed, unless further oral argument is requested by the Arbitrator.

(*See id.*). As contemplated by this order, plaintiff asked for attorney's fees in a post-submission brief and submitted a declaration from one of its attorneys in support of the fee request. (*See* C. Goldberg Mot. App. at 9). Although Cary complains that the declaration was not accompanied by detailed billing records and that he was not given an opportunity to cross-examine the attorney, the arbitrator handled the issue of attorney's fees in precisely the manner set forth in the agreement. Thus, there is no basis for vacating or modifying the arbitration award against Cary Goldberg.[2]

---

[2] To the extent Cary argues that the evidence is insufficient to support the arbitration award, that argument is also without merit. *See Williams v. Mexican Restaurant, Inc.*, No. 1-05-CV-841, 2009 WL 531859 at *5 (E.D. Tex. Feb. 27,

B.

Jerry Goldberg contends that he was never served with a summons and complaint and that his former attorneys, Wayne S. Ball and the firm of Greenberg & Bass, were not authorized to waive service of process, to represent him in this action or any other lawsuit, or to stipulate to binding arbitration in Texas. (*See* J. Goldberg Mot. at 1). In support of these allegations, Jerry relies on two sworn declarations, (*see* J. Goldberg Mot. App. at 1-6; J. Goldberg Reply App. at 1-3), and his deposition testimony in the arbitration proceeding, (*see* J. Goldberg Reply App. at 4-69), to show that Ball and his law firm lacked authority to represent him or the Goldberg Family Trust. According to Jerry, the only relationship he had with the Greenberg & Bass firm was "in regards to the transactional matter of selling RCI." (*See* J. Goldberg Mot. App. at 2, ¶ 3). Plaintiff counters that Jerry has sued the Greenberg & Bass firm for legal malpractice in connection with their handling of this lawsuit and the arbitration proceeding, which is evidence of their attorney-client relationship, and that even if Jerry did not expressly authorize such representation, he either ratified the actions taken by the firm on his behalf, or is estopped from raising the issue.

It is clear from the evidence that a fact issue exists as to whether Ball and his law firm, Greenberg & Bass, had authority to represent Jerry Goldberg in this litigation, to waive service of the summons and complaint, and to agree to submit the dispute to binding arbitration. To resolve these issues, the court must make credibility determinations and weigh contradictory evidence. Therefore, an evidentiary hearing is required before the court decides whether to confirm, vacate, or modify the arbitration award against Jerry Goldberg.

---

2009), *rec. adopted*, 2009 WL 747141 (E.D. Tex. Mar. 18, 2009) (citing cases) ("Insufficient evidence or even wholesale disregard of evidence by an arbitrator is not a sufficient basis for a court to vacate an award.").

## CONCLUSION

Plaintiff's motion to confirm arbitration award [Doc. #34] is granted in part. The motion is granted with respect to the arbitration award against Cary Goldberg, individually. Cary's cross-motion to vacate or modify the award [Doc. #39] is denied. The court takes under advisement plaintiff's motion to confirm the arbitration award against Jerry Goldberg, individually and as Trustee of the Goldberg Family Trust, and Jerry's cross-motion to vacate or modify the award. An evidentiary hearing will be held to determine whether Wayne S. Ball and his law firm, Greenberg & Bass, had authority to represent Jerry in this litigation, to waive service of the summons and complaint, and to agree to submit the dispute to binding arbitration. That hearing will be set by separate order filed today.

SO ORDERED.

DATED: January 3, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE